IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

INVENTORY LOCATOR SERVICE,       )
LLC,                             )
                                 )
     Plaintiff/                  )
     Counter-Defendant,          )
                                 )
v.                               )      No. 02-2695 Ma/V
                                 )
PARTSBASE, INC.,                 )
                                 )
   Defendant/Counter-Claimant.   )

---

**ORDER DENYING ILS's MOTION TO STRIKE DEFENDANT PARTSBASE'S COUNTERCLAIM AND GRANTING ILS's MOTION FOR COURT APPOINTED SPECIAL MASTER**

---

This action arises because the Defendant allegedly obtained unlawful access to the computerized database of Plaintiff Inventory Locator Service, LLC ("ILS"). Defendant PartsBase, Inc. ("PartsBase") has counterclaimed, alleging similar conduct by ILS. Before the court are ILS's motions to strike PartsBase's counterclaim and for court appointed special master filed on April 19, 2006, to which Partsbase responded on May 3, 2006.  ILS replied on  May 15, 2006.

**I. Jurisdiction**

Plaintiff brings claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and the Electronic Communications Privacy Act, 18 U.S.C. § 2701; the Defendant counterclaims under the same

provisions. Thus, the court exercises federal-question jurisdiction under 28 U.S.C. § 1331. The court has jurisdiction over pendent state claims under 28 U.S.C. § 1367.

**II. Background**

The facts of this case have been described in the court's order of September 6, 2005.

**III.  Analysis**

ILS moves to strike PartBase's counterclaim and for the appointment of a special master under Rule 53(b) of the Federal Rules of Civil Procedure  to determine whether PartsBase fabricated evidence. ILS has offered to pay the initial costs associated with the appointment of a special master. Because ILS seeks a special master to evaluate the authenticity of  evidence on which PartsBase bases its counterclaim, ILS's motion to strike is DENIED as premature.

ILS's computer forensic expert, David Cowen ("Cowen"), has concluded that logs were altered to reflect incursions into PartsBase's system by ILS that never occurred, a fraud upon the Court.  ILS contends that analyzing the electronic server-log evidence Partsbase offers to support its claims requires specialized knowledge of computers, software, and computer forensic techniques, making the appointment of a special master appropriate.

Because this matter is set for trial on July 17, 2006, ILS requests that the special master be appointed to review the

evidence and make recommendations no later than June 23, 2006 or that the Court carry this motion until the conclusion of the trial on the merits and consider the appointment of a special master post-trial.

PartsBase opposes ILS's motion. Partsbase argues that ILS's expert has made numerous mistakes in deriving his conclusions and that Partsbase's expert, Douglas Rehman, refutes Cowen's findings. Partsbase also argues that, because this is a jury case, any findings of fact by a Rule 53(b) master would be final and binding only if neither party appealed them. Because of the likelihood of appeal, Partsbase argues that the work of a Rule 53(b) master would be a nullity.

Rule 53(a)(1)(C) provides that a court may appoint a master to "address pretrial and post-trial matters that cannot be addressed effectively and timely by an available district judge or magistrate judge of the district." Rule 53(b) provides for an order appointing a master and allows a party to suggest candidates for appointment.

Under Rule 53(a) the appointment of a special master is the exception and not the rule. Medtronic v. Michelson, 229 F.3d 550, 559 (W.D. Tenn 2003.) Rarely does a party allege that another party has fabricated evidence and submitted it to a court of law. When such allegations are made and are supported by expert analysis, this court has an obligation to pursue them at the earliest

3

possible opportunity.  Nothing is more basic to the administration of justice then the integrity of the judicial process.  Because of the enormous amount of data and the gravity of ILS's allegations, the court concludes that the prompt appointment of a special master is warranted.

Under Rule 53(g) a court may adopt, affirm, modify, reverse or reject the order, report or recommendations of a special master. Appeals of a master's findings or conclusions are decided de novo. Partsbase's argument assumes that the findings of the master will be appealed, making the appointment a nullity.  The court cannot anticipate that the master's findings will be appealed.  Whether appealed or not, however, the findings of a special master would materially assist the court in evaluating the charges of fabricated evidence.

The special master will determine the authenticity of the server-logs Partsbase has submitted to support its claims against ILS. The special master shall be subject to all confidentiality requirements and protective orders set forth in this and in other orders in this case. The special master may designate assistants with the parties' approval; if she does so, the same protective orders and confidentiality agreements shall apply to any assistants.

Within seven (7) days from the date of this order, the parties shall agree upon a neutral computer expert to serve as a special master. If the parties cannot agree on an expert, each side shall

4

submit to the court, within seven (7) days from the date of this order, the names of two prospective experts along with a summary of the expert's qualifications, the expert's fee structure, and an itemized estimate for the expert's services. The court will select a special master from among the four names submitted. After the special master has been selected, all communications between either party and the special master shall be copied to the other party. ILS will bear the initial cost of the special master's services. The parties are also directed to address an appropriate deadline by which the special master should submit her recommendations and whether a continuation of the trial is warranted.

**IV. CONCLUSION**

For the foregoing reasons, ILS's motion to strike Partsbase's counterclaims is DENIED as premature. ILS's motion to appoint a special master is GRANTED subject to the terms of this order.

So ORDERED this <u>14th</u> day of June 2006.

_____
s/SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE