```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```
_____

**INVENTORY LOCATOR SERVICE,**    )
**LLC,**    )
    )
    **Plaintiff/**    )
    **Counter-Defendant,**    )
    )
**v.**    )    No. 02-2695 Ma/V
    )
**PARTSBASE, INC.,**    )
    )
  **Defendant/Counter-Claimant.** )
_____

### ORDER DENYING PENDING MOTIONS IN LIMINE
_____

Plaintiff Inventory Locator Service, LLC ("ILS") alleges that Defendant PartsBase, Inc. ("PartsBase") obtained unlawful access to ILS's computerized database. PartsBase has counterclaimed, alleging similar conduct by ILS.

Before the court are the following motions filed on November 15, 2005: (1) PartsBase's motion in limine objecting to certain witnesses and exhibits; (2) PartsBase's motion in limine objecting to certain deposition testimony designated by ILS for use at trial; (3) PartsBase's motion in limine to exclude the affidavits of Hassan Sudler and Kenneth Meiser; (4) PartsBase's motion in limine to require ILS expert John Slater to limit trial testimony to the subject matter of his report; (5) PartsBase's motion in limine to require ILS expert David Cowan to limit trial testimony to the subject of his report; (6) PartsBase's motion in limine to exclude

opinion testimony and hearsay testimony of James Sdoia; (7) PartsBase's motion <u>in limine</u> to exclude that portion of Mr. Slater's expert report which contains assumptions and conclusions admittedly unsupported by any study of empirical data; (8) ILS's motion <u>in limine</u> regarding certain matters likely to arise from this action; (9) PartsBase's motion <u>in limine</u> to prevent ILS from alluding to late request for examination of PartsBase Webtrends Server; (10) PartsBase's motion <u>in limine</u> to exclude certain records which are inadmissible under F.R.E. 402; (11) PartsBase's motion <u>in limine</u> to exclude testimony of ILS expert which erroneously asserts that the average ILS customer life is 7.33 years, and to exclude his opinions based thereon; (12) PartsBase's motion <u>in limine</u> to exclude ILS's expert testimony on causation for failure to comply with rule 702; (13) PartsBase's motion <u>in limine</u> to exclude expert opinion testimony concerning damages allegedly resulting from PartsBase obtaining allegedly secret customer contact information for certain customers previously known to PartsBase and/or made public by ILS; (14) PartsBase's motion <u>in limine</u> to exclude testimony of ILS expert which calculates lost profits damages based on gross profits not net profits.  ILS filed a motion <u>in limine</u> on November 17, 2005.

The trial in this matter has been reset to October 16, 2006. A special master has been appointed, and the parties are mediating. Thus, the pending motions <u>in limine</u> are DENIED as premature.

The motions may be renewed closer to trial, if necessary.

So ORDERED this 31st day of July 2006.

_____
s/SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE